IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUTOFORGE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | 2:02-cv-01265 |
| AMERICAN AXLE & MANUFACTURING, ) | |
| INC. ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM ORDER

Pending before the Court is Plaintiff Autoforge, Inc.'s MOTION TO RECONSIDER(*Document No. 131*).  AAM filed a responsive brief and Autoforge submitted a reply brief. After careful review, the motion will be denied.

On March 14, 2007, the Court issued a Memorandum Opinion and Order that granted in part and denied in part the motions in limine filed by each party.  Autoforge now contends that the Court's decision to preclude David Kaplan from utilizing the cross-wedge rolling manufacturing process as a basis for calculating Autoforge's lost profits was an abuse of discretion.  In addition, Autoforge contends that the Court's decision was premature and was made without a complete understanding of the cross-wedge rolling process.  Autoforge requests a hearing so that the Court may obtain a full understanding of the process and its applicability to Autoforge's claimed damages.

The applicable standard for evaluating a motion for reconsideration is summarized in *Tom Brown Contracting, Inc. v. Wesport Ins. Co.*, 2007 WL 966743 (W.D. Pa. 2007):

> Motions for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure are granted sparingly "[b]ecause federal courts have a strong interest in finality of judgments." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F.Supp. 938, 943 (E.D.Pa.1995). As the United States Court of Appeals for the Third Circuit has noted, the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) ( quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985)). "[J]udgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id., citing North River Ins. Co. v. CIGNA*

*Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995). However, "[a] motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Id., citing Abu-Jamal v. Horn*, No. CIV. A. 99-5089, 2001 WL 1609761, at *9 (E.D.Pa. December 18, 2001).

Plaintiff argues that this standard only applies to final judgments, although it does not suggest an applicable standard. Alternatively, Plaintiff contends that the Court's decision to exclude a portion of its proposed expert testimony results in a manifest injustice. Reply Brief at 3.

As an initial matter, Autoforge is critical of the Court for not having scheduled a hearing on the motions in limine. The Court recalls having advised counsel at the pretrial conference that a hearing would be conducted if the parties so requested, or if the Court felt that it was needed. Neither party ever requested that the Court conduct such a hearing. Nevertheless, the Court sua sponte analyzed the issues and concluded that a hearing was not necessary because the details regarding the cross-wedge rolling manufacturing process are not relevant to the issue before the Court.

The key fact, which continues to be undisputed, is that Plaintiff never requested or obtained PPAP approval to utilize the cross-wedge rolling process. That manufacturing process was not being used for the production of the subject part at the time of the issuance of the purchase order and the PPAP process was not thereafter initiated. Thus, a jury would be required to speculate as to whether, and when, PPAP approval might be obtained and the process actually implemented. The Court concluded that Kaplan's expert opinion on damages could not be premised on such a speculative foundation.[1]

The basic premise of Autoforge's request for reconsideration and a hearing is flawed. None of the facts that Autoforge seeks to present could change the fundamental, undisputed reality that it never obtained PPAP approval to implement the cross-wedge rolling production process. Indeed, nothing in Autoforge's Motion for Reconsideration or Reply Brief rebuts this

---

[1]The Court precluded AAM's damages expert from testifying about a similarly speculative "discount factor" to reflect Autoforge's allegedly precarious financial condition.

fact or would otherwise make a hearing necessary.  The Court will assume, arguendo, the veracity of the testimony that Autoforge seeks to introduce, namely that cross-wedge rolling is an established technique, that Autoforge would have had no learning curve, that its machine was operational by March 2000, that Autoforge had orally advised AAM of its intent to employ the cross-wedge rolling manufacturing process, that Autoforge had forged two 0596 SYF parts that were essentially the same (but a little lighter) than the 6884 SYF, and that PPAP approvals are constantly sought and obtained on the fly.  Nevertheless, in the real-world circumstances of this case, Autoforge never obtained, or even sought, PPAP approval for use of the cross-wedge rolling process to produce the 6884 SYF part at issue.  Autoforge has not identified, and cannot identify, the date on which such PPAP approval would have been obtained.  Nor can it demonstrate the date on which it would have realized an enhanced profit margin due to actual production of parts by the cross-wedge rolling process.

      Although the Court recognizes the significant financial impact of its ruling on Autoforge's claim for lost profits, Plaintiff is hardly left with no remedy.  Autoforge entered into the contract with AAM and obtained PPAP approval based on the hammer forge technology.  The Court's ruling does not preclude Autoforge from pursuing its claim for lost profits under the hammer forge technology.  Through Kaplan and/or other means, Autoforge may prove its lost profits based on the purchase order price and the actual production costs associated with the hammer forge process at the time of the contract.  Autoforge is precluded merely from basing its claim for lost profits on a hypothetical production scenario that never materialized.[2]

      There is no manifest injustice in the Court's decision to preclude Plaintiff's claim for lost profits as calculated on the cross-wedge rolling manufacturing process, for which PPAP approval was neither sought nor obtained.  Indeed, a manifest injustice would exist if the Court permitted

---

[2]Because Autoforge is precluded from basing its lost profits claim on the cross-wedge rolling process, AAM is precluded from introducing its equally hypothetical scenario that it would have demanded a price concession in exchange for PPAP approval of cross-wedge rolling production.

the jury to determine damages on such speculative evidence as proposed by Plaintiff.


AND NOW, this 9th day of April, 2007, in accordance with the foregoing Memorandum, it is hereby ORDERED, ADJUDGED and DECREED that Plaintiff's MOTION TO RECONSIDER(*Document No. 131*) is **DENIED**.


                                    BY THE COURT:

                                    s/  Terrence F. McVerry
                                    United States District Court Judge


cc:    Dennis J. Kusturiss, Esquire
        Email: dkusturiss@vuonogray.com
        Mark T. Vuono, Esquire
        Email: mvuono@vuonogray.com

        Steven W. Zoffer, Esquire
        Email: szoffer@dmclaw.com
        Joseph A. DiMenno, Esquire
        Email: jdimenno@dmclaw.com